**Charles CHRISTY**

v.

**PENNSYLVANIA TURNPIKE COMMISSION, A Duly Organized and Existing Agency of the Commonwealth of PA, Robert Brady, Individually and as a Commissioner of the PA Turnpike Commission, John Boschi, Individually and as Deputy Executive Director–Maintenance of the PA Turnpike Commission, Vincent Greco, Individually and as Assistant Deputy Executive Director–Maintenance of the PA Turnpike Commission, John Stewart, Individually and as Assistant Deputy Executive Director–Maintenance of the PA Turnpike Commission.**

**Civ. A. No. 93–3346.**

United States District Court,
E.D. Pennsylvania.

Jan. 4, 1995.

Imogene Hughes, John P. Hickey, Kleinbard, Bell & Brecker, Philadelphia, PA, Joseph F. Lawless, Jr., Newtown Square, PA, for plaintiff.

Michael M. Baylson, Duane, Morris & Heckscher, Philadelphia, PA, defendants (except Boschi).

Lisa G. DiPietro, David S. Fortney, Reed, Smith, Shaw & McClay, Philadelphia, PA, for defendant John Boschi.

## MEMORANDUM

JOYNER, District Judge.

Defendants have requested this Court to remove this case from our trial pool and to extend the time permitted for discovery. They support this request with several reasons. First, that there is an appeal pending before the Third Circuit; second, that discovery remains ongoing; third, that all defendants may want to file summary judgment motions at a later date.

We find that these reasons, especially the continuance of discovery, are persuasive. Accordingly, we set the case to enter our trial pool in six months. We do not find any prejudice or harm to any of the parties in scheduling more realistic trial and motion dates. This case is presently in the trial pool, but with motions pending and discovery outstanding, in reality, the case would not proceed to trial at any near date.

To remove any future confusion, included in the attached Order is an amended Scheduling Order.

## ORDER

AND NOW, this 4th day of January, 1995, upon consideration of Defendants' Motion to Remove Case from Trial List and Extend Discovery and responses thereto, the Motion is hereby GRANTED. It is further ORDERED that the following Amended Scheduling Order shall be implemented immediately.

1. All discovery shall proceed forthwith and continue in such manner as will assure that all requests for, and responses to, discovery will be served, noticed and completed by *April 19, 1995.*

2. All trial exhibits shall be marked and exchanged on or before *April 22, 1995.*

3. Plaintiff shall identify and submit Curriculum Vitae for all expert witnesses on or before *April 19, 1995.* Reports and/or responses to expert witness discovery for all such expert witnesses shall be served by plaintiff on defendant on or before *April 26, 1995.*

4. Defendant shall identify and submit Curriculum Vitae for all expert witnesses on or before *April 19, 1995.* Reports and/or responses to expert witness discovery for all such expert witnesses shall be served by defendant on plaintiff on or before *May 3, 1995.*

ALL MOTIONS FOR SUMMARY JUDGMENT DUE BY *May 13, 1995.*

5. All parties shall prepare and file with the Clerk of Court their Joint Pretrial Memoranda in accordance with this Order and Local Rule of Civil Procedure 21(c) on or before *May 23, 1995.*

6. Settlement conference *to be set.*

7. The case will be placed on the Court's trial list on *June 3, 1995.*

8. Any party having an objection to: (A) the admissibility of any exhibit based on authenticity; (B) the admissibility for any reason (except relevancy) of any evidence expected to be offered; or (C) the adequacy of the qualifications of an expert witness expected to testify shall set forth separately each such objection in their *Pretrial Memorandum.* Such objection shall describe with particularity the ground and the authority for the objection.

9. If any party desires an "offer of proof" as to any witness or exhibit expected to be offered, that party shall inquire of counsel *prior to trial* for such information. If the inquiring party is dissatisfied with any offer

provided, such party shall file a motion seeking relief from the Court prior to trial.

10. Because a witness may be unavailable at the time of trial as defined in Federal Rule of Civil Procedure 32(a)(3), the Court expects use of oral or videotape depositions at trial of *any witness* whose testimony a party believes essential to the presentation of that party's case, whether that witness is a party, a non-party or an expert. The unavailability of any such witness *will not be ground to delay* the commencement or progress of an ongoing trial. In the event a deposition is to be offered, the offering party shall file with the Court, prior to the commencement of the trial, a copy of the deposition transcript, but only after all efforts have been made to resolve objections with other counsel. Unresolved objections shall be noted in the margin of the deposition page(s) where a Court ruling is necessary and a covering list of such objections supplied therewith.

11. The parties shall meet to prepare a complete and comprehensive stipulation of uncontested facts pursuant to paragraph (d)(2)(b)(2) of Local Rule of Civil Procedure 21; two (2) copies of such stipulation shall be submitted to the Court (Chambers, Room 20613) at least three days before the case appears on the trial list. The original shall be filed with the Clerk of the Court.

12. At least three days before the case appears on the trial list, each party shall submit to the Court (Chambers, Room 4716) two copies of proposed voir dire questions, proposed jury instructions with citations of authority for each point (ONE POINT PER PAGE), proposed jury interrogatories, and a trial memorandum on the legal issues involved in the case. The originals shall be filed with the Clerk of the Court.

13. At the commencement of trial, the Court should be supplied with one (1) copy of each exhibit, and two (2) copies of a schedule of exhibits which shall briefly describe each exhibit.

14. Unexcused violations of scheduling orders are subject to sanctions under Fed. R.Civ.P. 16(f), upon motion or the initiative of the Court.

15. Letters or written communications (which are discouraged) shall be directed to the Court and not to law clerks or the deputy clerk. Telephone calls to law clerks are discouraged. Law clerks are not permitted to render advice to counsel and have no authority to grant continuances or to speak on behalf of the Court. All scheduling matters should be discussed with the Deputy Clerk, Angela Mickie (597–4025).